IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LINDSEY J. TAYLOR,<br><br>PLAINTIFF(S),<br><br>V.<br><br>TESLA TRANSPORT, INC., VITALE FILIPENCO,<br><br>DEFENDANT(S). | CIVIL ACTION NO. _____ |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441, *et seq.*, Defendant, Tesla Transport, Inc., files this Notice of Removal hereby removing the above-styled action to the United States District Court for the Northern District of Alabama, Southern Division, and respectfully submit to the Court the following:

1.   This action was commenced by the filing of a Complaint in the Circuit Court for Jefferson County, Alabama on or about May 8, 2017, and is currently pending in said Court as Civil Action Number CV-17-901875.  (A copy of the State Court Complaint is attached as **Exhibit "A"** to this notice of removal).

2.   This case is a civil action within the meaning of the Acts of Congress relating to the removal of causes.  Defendant has filed no pleadings or papers in this

Taylor, Lindsey J. v. Tesla Transport, Inc., Vitale Filipenco
Civil Action No.: 01-CV-2017-901875
Notice of Removal

action in the state court, other than a notice of filing of notice of removal, and the time in which Defendant is required by State Law to answer or plead to Plaintiff's complaint has not expired. No other process, pleading, or order has been served on Defendant.

3. This action is removable pursuant to 28 U.S.C. § 1441(a). This Court has original jurisdiction of the action and there is diversity of citizenship as between Plaintiff Lindsey Talor and Defendants, Tesla Transport, Inc., and Vitale Filipenco, as required by 28 U.S.C. § 1332 (a) as follows:

    a. **Lindsey Taylor**: Plaintiff Lindsey Taylor is an individual resident citizen of the State of Alabama. (**Exhibit "A"**, p. 1 ¶ 1);

    b. **Tesla Transport, Inc.**: Defendant Tesla Transport, Inc. is a corporation with its principal place of business in Chicago, Illinois. (See **Exhibit "A"**, p. 1 ¶ 2). In addition, upon information and belief, Defendant Tesla Transport, Inc. was incorporated in Illinois.

    c. **Vitale Filipenco**: Defendant Vitale Filipenco is an individual resident citizen of Illinois. (**Exhibit "A"**, p. 1 ¶ 3). Upon information and belief, Mr. Filipenco has not yet been served with the Complaint. However, an unserved defendant is not required to

join in a removal. *See Watson v. Gen. Elec., Inc.*, CV-12-S-2661-NE, Not Reported in F. Supp. 2d, 2012 WL 5931884, at *2 (N.D. Ala. Nov. 26, 2012) ("'A defendant that has not been served with process need not join in or consent to removal.'") (*quoting Harris v. Pacificare Life & Health Insurance Co.*, 514 F.Supp.2d 1280, 1286 (M.D.Ala.2007) (*quoting GMFS, L.L.C. v. Bounds*, 275 F.Supp.2d 1350, 1354 (S.D.Ala.2003)).

4.   As to the amount in controversy requirement of 28 U.S.C. § 1332 (a), Plaintiff's Complaint is "indeterminate" because the Complaint does not set forth the exact amount of damages claimed, just that she is seeking compensatory and punitive damages.  (**Exhibit "A"**, p. 3).

5.   "An indeterminate complaint does not show that the case is not removable.  It simply does not comment on federal jurisdiction." *Robinson v. Quality Ins. Co.*, 633 F. Supp. 572, 574 (S.D. Ala. 1986).  Thus, the Court has the "duty to independently determine the propriety of jurisdiction." *Id.* at 575.  Moreover, "where a plaintiff has made an unspecified demand for damages, a lower burden of proof [as to the amount in controversy] is warranted because there is simply no estimate of damages to which a court may defer." *Fuller v. Exxon Corp.*, 78 F. Supp. 2d 1289, 1298 (S.D. Ala. 1999).

6.     Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendants must only prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement. *See Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir.2001) (Ga.) (*citing Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *overruled on other grounds by Office Depot v. Cohen*, 204 F.3d 1069 (11th Cir. 2000)).

7.     Here, a fair reading of the Complaint reveals that Plaintiff is seeking in excess of $75,000.000. Although silent about the amount of compensatory damages she is seeking, Plaintiffs' claims include serious allegations regarding her injuries, including a claims for: (a) a laceration above her right eye; (b) a fractured right great toe, which became infected with gangrene and was amputated; (c) pain and suffering (both past and future); (d) mental anguish and emotional distress (both past and future); (e) permanent disfigurement / scarring; (f) lost wages; (g) medical expenses incurred; (h) property damage; and (i) "other damages." (**Exhibit "A"**, p. 2 ¶ 8).

8.     In *Hogan v. Mason*, CV 2:16-BE-1732-S, Slip Copy, 2017 WL 1331052, at *3 (N.D. Ala. Apr. 11, 2017), the United States District Court for the Northern District of Alabama found the amount in controversy "more likely than not" exceeded $75,000.00 in a case involving an automobile accident, writing:

> The Complaint identifies physical injuries to Mr. Hogan's neck, back, head, legs, and hips, one or more of which is allegedly "permanent"

> and "disfiguring" and "disabling." Id. The Complaint further states that Mr. Hogan is reasonably certain to experience pain and suffering in the future and to incur medical expenses in the future, and also refers to the mental anguish that he suffered as a result of the accident. If true, Mr. Hogan's allegations of permanent, disfiguring and disabling injuries, combined with on-going physical pain and mental anguish with the accompanying reasonable inferences, result in an amount-in-controversy that, more likely than not, exceeds $75,000.

*Hogan*, 2017 WL 1331052, at *3.

9. In the instant case, in addition to the enumerated claims, Plaintiff is also seeking the award of compensatory damages and punitive damages. (**Exhibit "A"**, p. 3). "While a request for punitive damages does not automatically establish the amount-in-controversy, a court may properly consider punitive damages in the evaluation of whether a defendant has shown that the amount-in-controversy is satisfied." *Hogan*, 2017 WL 1331052, at *3 (*citing Williams v. Best Buy Co.*, 269 F.3d 1316, 1320 (11th Cir.2001)).

10. In evaluating whether the punitive damages claim alone sufficiently alleges the amount in controversy, it is initially notable that, by statute, Alabama's cap on punitive damages demonstrates the potential amount at stake (i.e., amount in controversy) far exceeds the amount in controversy requirement. *Ala. Code* § 6-11-21(d) (1999 Repl.), provides:

> (d)  Except as provided in subsection (j),[1] in all civil actions for physical injury wherein entitlement to punitive damages shall have

---

[1] Subsection (j) concerns wrongful death claims and is inapplicable.

been established under applicable laws, no award of punitive damages shall exceed three times the compensatory damages of the party claiming punitive damages or one million five hundred thousand dollars ($1,500,000), whichever is greater.

11. Based simply on the size of the statutory cap for Punitive Damages, it is apparent that the Alabama state legislature has impliedly recognized that claims for punitive damages often far exceed $75,000.00. Tesla Transport respectfully submits that the statutory limits are sufficient evidence of the amount *in controversy* at the time of removal, regardless of whether plaintiff is ever able to actually demonstrate any viable claim for punitive damages.

12. In this matter, although Tesla Transport disputes the validity of Plaintiff's claim for punitive damages, Tesla Transport acknowledges that Alabama law allows the imposition of punitive damages against a defendant where it is found that injury has resulted to a plaintiff as a result of such defendant's wanton conduct such as has been alleged in Count II and III of Plaintiff's Complaint. *See Martin v. Glass*, 84 So. 3d 131, 135 (Ala. Civ. App. 2011).

13. Based upon the Plaintiff's request for the imposition of punitive damages and the exhaustive list of damages she is claiming, it is evident that the Plaintiff is seeking an award well in excess of the minimum jurisdictional limits of this Court.

14. Assuming, arguendo, that the Court is unpersuaded that Tesla Transport has satisfied the preponderance requirement, Defendant respectfully requests the Court

allow Defendant to take discovery on the limited issue of the amount in controversy pursuant to *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir.2001) (Ga.).

15.     In *Best Buy*, the Plaintiff filed a lawsuit in a Georgia State Court, alleging that she tripped over a curb while entering one of Best Buy's retail stores and sustained injuries as a result of Best Buy's negligence. The Plaintiff alleged permanent physical and mental injuries, substantial medical expenses, lost wages, a diminished earning capacity, and that Plaintiff would continue to experience each of these losses for an indefinite time into the future. The Plaintiff sought general damages, special damages, and punitive damages in unspecified amounts. *Williams*, 269 F.3d at 1318.

16.     Best Buy removed the case to the United States District Court for the Northern District of Georgia.  As to the amount in controversy, Best Buy alleged:

> "Counsel for Plaintiff and Plaintiff have refused to stipulate that Plaintiff's claims do not exceed and will not exceed the sum of $75,000.00. This suit is for a sum in excess of $ 75,000.00."

*Best Buy*, 269 F.3d at 1318.

17.     Unlike Tesla Transport's notice of removal in this case, the *Best Buy* Court noted that Best Buy's notice of removal contained no other factual allegations regarding the amount in controversy. *Id.* In addition, Best Buy did not submit any evidence concerning the amount in controversy. *Id.* Best Buy moved for summary judgment, which was granted, and the Plaintiff appealed.

18. On appeal, the Eleventh Circuit Court of Appeals raised, *sua sponte*, the issue of whether the case involved a sufficient amount in controversy under 28 U.S.C. 1332. *Best Buy*, 269 F.3d at 1318. Plaintiff argued "… that Best Buy failed to demonstrate the requisite amount in controversy because Best Buy has not submitted any evidence or made any factual showing on that issue, relying instead on negative inferences and conclusory allegations." *Id.* Accordingly, Plaintiff sought to have the case remanded to state court. Best Buy argued that its burden was satisfied by Plaintiff's refusal to stipulate that she sought less than the jurisdictional amount. *Id.* The Eleventh Circuit found both the pleadings and the record were inconclusive as to the amount in controversy. *Id.* at 1320. Accordingly, the *Best Buy* Court remanded the case back to the Federal District Court to allow the parties to submit evidence on the amount in controversy, writing:

> Because Best Buy's notice of removal clearly asserted that the jurisdictional amount was satisfied, Best Buy should be afforded an opportunity to submit evidence in support of its assertion. We therefore hold that, where the notice of removal asserts the jurisdictional amount and the plaintiff does not challenge that assertion in the district court, we will remand the case to the district court for factual findings on the amount in controversy if the amount in controversy cannot be clearly determined by a review of the record.

*Williams v. Best Buy Co.*, 269 F.3d 1316, 1321 (11th Cir. Ga. 2001).

19. Under *Williams*, Tesla Transport respectfully requests this Court allow Defendants to take discovery on the amount in controversy – such as through requests

for admission, interrogatories and requests for production of documents – in order to present evidence to satisfy the amount in controversy requirement.

20. Alternatively, if Plaintiff stipulates that the amount in controversy does not exceed $ 75,000.00 including compensatory and punitive damages and further bind herself by stipulating that under no circumstances shall Plaintiff seek nor accept more than $75,000.00 even if the jury verdict exceeds that amount, Tesla Transport will agree that subject matter jurisdiction is lacking pursuant to *Moss v. Voyager Ins. Cos.*, 43 F. Supp. 2d 1298, 1303 (M.D. Ala. 1999).

21. Based on the foregoing, neither Defendant is a citizen of the forum state, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Accordingly, pursuant to 28 U.S.C. §§ 1332 and 1441, as amended, this action is properly removed to this Court.

22. Pursuant to 28 U.S.C. § 1446(d), Defendant Tesla Transport has caused a copy of this Notice of Removal to be filed with the clerk of the state court from which this cause was removed.

    Respectfully submitted,

    /s/ Richard W. Lewis
    Richard W. Lewis (LEW016)

/s/ Joseph E. B. Stewart
Joseph E. B. Stewart (STE140)

OF COUNSEL:
Austill Lewis Pipkin & Maddox, P.C.
P.O. Box 11927
Birmingham, AL  35202-1927

## CERTIFICATE OF SERVICE

I hereby certify that, on the 15th day of June, 2017, I have served a copy of the above and foregoing on counsel for all parties by:

☐   Facsimile transmission to the following;

☐   Hand delivery to the following;

☐   Placing a copy of same in the United States Mail, properly addressed and first class postage prepaid to the following:

X   Using the Electronic Filing system which will send notification of such to the following:

Les Pittman, Pittman Law Firm
7030 Fain Park Drive, Suite 8
Montgomery, AL 36117
les@lespittman.com

/s/ Richard W. Lewis
OF COUNSEL